UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE POLE                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:20-CV-242-DPJ-FKB

THE FEDERAL BUREAU OF INVESTIGATION,
AGENT ADAM WEST, JOHN DOE NUMBER ONE,
JOHN DOE NUMBER TWO, ABC COMPANIES,
AND JOHN DOES 1-10                                                                            DEFENDANTS

ORDER

Willie Pole sued the Federal Bureau of Investigation and an agent he identified as Adam West alleging constitutional violations and tort claims arising out of an encounter at Pole's home. The FBI moved to dismiss all claims—or alternatively the claims against it and any federal employee sued in his or her official capacity—for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Def.'s Mot. [10]. For the reasons explained below, the FBI's motion [10] is granted as to it; additional briefing will be required as to Defendant West.

I.     Facts and Procedural History

Pole claims that on April 4, 2019, "agents of the Federal Bureau of Investigation busted open the door to his home, grabbed him by the arm when he was wearing no cloths [sic] and ordered him to go outside." Pl.'s Resp. [14] at 1; *see* Compl. [1] at 2–5. His lawsuit advances the following claims: (1) violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments (pursued under 42 U.S.C. § 1983); (2) violation of Pole's Fourth Amendment right to be protected from unreasonable seizure; (3) assault and false imprisonment; and (4) "Federal Bureau of Investigation Liability." Compl. [1] at 6; *see id.* at 5–6. As defendants, Pole names the FBI and Agent Adam West, in his individual and official capacities, as well as multiple John

Doe defendants. *Id.* at 1–2. The FBI represents that it does not have any employees named Adam West.

Pole filed suit on April 6, 2020, and served the FBI on October 5, 2020. Summons [8]. To date, the docket does not reflect successful service upon Defendant West, despite two extensions of time to do so. July 24, 2020 Text-Only Order (setting a September 4, 2020 deadline to serve process); Order [9] (setting a December 31, 2020 deadline to serve process). On December 4, 2020, the FBI moved for dismissal based on lack of subject-matter jurisdiction under Rule 12(b)(1). Pole responded in opposition with a one-page argument; the FBI filed its reply, so the briefing is closed.

II.     Standard

A motion to dismiss for want of subject-matter jurisdiction is properly brought under Rule 12(b)(1). *See, e.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting subject-matter jurisdiction—in this case Pole—ultimately bears the burden of proof. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citing *Ramming*, 281 F.3d at 161). In ruling on a 12(b)(1) motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts." *Id.* at 649–50 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)); *see Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

III.    Analysis

    A.     Timeliness of the Motion

Pole says the FBI filed its motion "over a week after an answer or responsive pleading was due." Pl.'s Mem. [14] at 1. Pole does not elaborate but seems to suggest that the motion

was untimely under Federal Rule of Civil Procedure 12(b), which states that Rule 12(b)(1) motions "must be made before pleading if a responsive pleading is allowed." Aside from the fact that the motion addresses subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h), an agency of the United States, an officer, or employee must file an answer or responsive pleading within 60 days of service. Fed. R. Civ. P. 12(a)(2), (3). The FBI filed this motion within that time.

   B.  Constitutional Claims

   Turning to the merits, the FBI first says Pole's § 1983 claims—which assert violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments—must be dismissed because "§ 1983 claims cannot lie against federal . . . agencies for acts committed under federal law." Def.'s Mem. [11] at 5 (citing *Evans v. Ziporkin*, 471 F. App'x 302, 303 (5th Cir. 2012) (finding § 1983 action against employee of the Social Security Administration was subject to dismissal because § 1983 "only applies to state actors acting under color of state law")); *see also Hoffman v. U.S. Dep't of Hous. & Urban Dev.*, 519 F.2d 1160, 1165 (5th Cir. 1975) ("Likewise, a federal agency is also excluded from the scope of section 1983 liability."). The FBI is correct; all § 1983 claims against it are dismissed.[1]

   Though Pole never addresses the deficiencies in his § 1983 claims, he suggests that at least the Fourth Amendment claim should be construed under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As he puts it, "[a] violation of

---

[1] Although the FBI seeks dismissal of the individual- and official-capacity claims against Defendant West, West was never served and did not join in this motion—assuming there is an Agent Adam West. Pole never raises this issue, but the Court has struggled a bit with the proper procedure for addressing the claims against West. Ultimately, the Court does not need a motion to raise jurisdictional issues, because it has "the responsibility to consider the question of subject[-]matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citations omitted). And though the § 1983 claims against West seem meritless, the Court will give Pole one last opportunity to address them as discussed below.

the Fourth Amendment protection against unreasonable searches and seizures by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." Pl.'s Mem. [14] at 2 (citing *Bivens*, 403 U.S. 388).

Pole cannot avoid dismissal by recharacterizing his claims as arising under *Bivens*. *Bivens* is "the federal counterpart to § 1983." *Abate v. So. Pacific Transp. Co.*, 993 F.2d 107, 111 (5th Cir. 1993). But *Bivens* "provides a cause of action only against government officers in their individual capacities." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Thus, while a plaintiff "may bring a *Bivens* action against individual officers for a[n] alleged constitutional violation, . . . he may not bring an action against the United States, [an agency of the United States], or [agency] officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004). The FBI asserted this point in its opening memorandum, but Pole did not address it in his response. *See* Def.'s Mem. [11] at 1–2. The Court will not construe the Complaint as asserting viable *Bivens* claims against the FBI.

Pole's only other argument regarding the constitutional claims states: "Should the Court find that the FBI is not a proper party to this case, the Plaintiff submits that these claims are still valid against the government upon amendment to his initial pleading." Pl.'s Resp. [14] at 2. Assuming "the government" refers to the United States, an amendment would be futile as to the constitutional claims because "neither *Bivens*, nor [§ 1983] provide a valid jurisdictional predicate" for actions against the United States. *Affiliated Prof'l Home Health Care Agency*, 164 F.3d at 286.

In sum, the Court lacks jurisdiction to hear claims under § 1983 or *Bivens* against the FBI or the United States. The same appears true for Defendant West in his official capacity, though the Court will allow Pole to address that issue.

C.      Tort Claims

As for Pole's assault and false-imprisonment claims against the FBI, those claims would fall under the Federal Tort Claims Act (FTCA), which "confers on federal courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligent or wrongful acts or omissions of any federal employee while acting within the scope of his office or employment." *Esquivel-Solis v. United States*, 472 F. App'x 338, 339 (5th Cir. 2012).

Significantly, "FTCA claims may be brought against only the United States, and not the agencies or employees of the United States." *Id.* (noting FTCA claims against a federal agency must be dismissed for lack of jurisdiction). Thus, "[a]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* at 340. Again, the FBI argued this point in its opening brief; Pole failed to consider it in his response. *See* Def.'s Mem. [11] at 6. The Court finds that it lacks jurisdiction to hear the tort claims against the FBI and dismisses them. The same appears to be true for Defendant West in his individual capacity, something Pole will need to address.

As noted, however, Pole mentions his desire to amend his Complaint to name "the government," Pl.'s Resp. [14] at 2, and the United States would be a proper FTCA party. To begin, Pole never filed a proper motion seeking leave to amend his Complaint pursuant to Rule 15(a). Under L.U. Civ. R. 7(b)(3)(D), "[a] response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a

5

response." *See also* L.U. Civ. R. 15 (noting "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading"). Merely mentioning amendment in his response is not enough, and the Court will not infer a motion to amend in this instance.

That said, it is not clear that Pole would have to amend because he named Defendant West in his official capacity. "[S]uits against federal officers in their official capacity are really suits against the government." *Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462–63 (5th Cir. 1998)). And in some cases, the United States is simply substituted as the proper party. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368 n.2 (5th Cir. 1996) (noting that United States was substituted for officers sued in their official capacities in the trial court).

Neither party addresses this issue, and the Court has not thoroughly researched it. Regardless, it raises two more concerns. First, Pole never served Defendant West. Second, assuming Pole could simply substitute the United States for the official-capacity claim against West, and assuming further that service on the FBI constitutes service on the United States, Pole has not yet demonstrated that he exhausted his administrative remedies under the FTCA. *See, e.g.*, *DeGarza v. Montejano*, No. A-19-CV-01013-LY-SH, 2019 WL 5556561, at *3 (W.D. Tex. Oct. 28, 2019) (holding substitution of United States as proper party in FTCA case not warranted where plaintiff failed to allege he exhausted administrative remedies as required for court to exercise jurisdiction). If he did not exhaust, then the Court would lack jurisdiction over all FTCA claims.

In sum, the FTCA claims against the FBI are dismissed. The same appears to be appropriate as to Defendant West in his individual capacity, something Pole must address.

Finally, the Court will give Pole an opportunity to show exhaustion and, if necessary, address whether the failure to serve West impacts the official-capacity claims under the FTCA.

> D. Failure to Serve Defendant West

The final issue is whether to dismiss the claims against Defendant West. As noted above, jurisdiction would exist to hear a *Bivens* claim against Defendant West in his individual capacity. It is also possible that an FTCA claim could exist if the official-capacity claim against this defendant is construed as one against the United States. But as the FBI correctly noted in its opening memorandum, Pole never perfected service of process. *See* Def.'s Mem. [11] at 5 n.4.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While Pole argues in response that claims for damages against individual federal officers are permitted, Pl.'s Resp. [14] at 2, he never addresses the FBI's argument that he failed to serve Defendant West. *See* Def.'s Mem. [11] at 5 n.4. Nor does he address the FBI's contention that it knows of no such agent. *Id.* Regardless, the time to serve the defendant has passed. Accordingly, the Court will require Pole to show good cause for failing to serve this defendant.

IV. Conclusion

The Court finds that the FBI's motion to dismiss [10] should be granted; all claims against it are dismissed.

In addition, Pole must file a response to this Order by January 28, 2021, addressing the following issues.

7

First, Pole must show good cause for having failed to properly serve Defendant Adam West.  If no such cause exists, the individual-capacity claims against Defendant West will be dismissed under Rule 4(m).

Second, Pole must show why the Court has subject-matter jurisdiction over the official-capacity, constitutional claims against West.

Third, Pole must show a basis for finding subject-matter jurisdiction over the FTCA claims by providing proof that he exhausted administrative remedies.

Fourth, if Pole exhausted administrative remedies under the FTCA, he must explain why jurisdiction would exist for the FTCA claims against Defendant West in his individual capacity.

Fifth, Pole must explain whether the official-capacity claims have been properly served, and if not, show good cause for that failure.

The Government's response (if necessary) and Pole's reply will be due under Local Rule 7.  Failure to respond to this Order will be viewed as a concession of all issues and this matter will be dismissed without further notice.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE